# FOR PUBLICATION



FILED & ENTERED

JUL 13 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY moser    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

In re

Kenneth L. Judson
Carol L. Judson,

      Debtors.

Case No. 6:12-bk-21167-SC

Chapter 7

**ORDER DENYING MOTION TO REOPEN**

No Hearing Required Under LBR 5010-1(e).

     The Court has considered the Motion to Reopen filed by Debtors Kenneth and Carol Judson ("Debtors") on July 11, 2018 [Dk. 18][1] (the "Motion"), as well as all other pleadings and papers filed on the docket. For the reasons set forth below, the Motion is DENIED without prejudice.

### 1.  Brief Statement of Facts

     Debtors filed their Chapter 7 case on May 4, 2012 and received a discharge on August 13, 2012. Dk. 15. Their case was closed on August 16, 2012. Dk. 17. Debtors now seek to reopen their case to file a reaffirmation agreement reaffirming their home mortgage debt, or, alternatively, obtain an order from this Court compelling Ocwen Loan Servicing, LLC ("Ocwen") to report all payments made to the credit bureau.

---

[1] ECF docket entries for this bankruptcy case, *In re Judson*, Case No. 6:12-bk-21167, are cited as "Dk."

## 2. Legal Analysis

### a. Reopening Closed Cases

Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Courts may deny a request to reopen a closed case when there it is not necessary to reopen the case or there no legal basis to grant the relief sought by the movant. *See In re Cortez*, 191 B.R. 174, 179 (B.A.P. 9th Cir. 1995) ("The bankruptcy court did not abuse its discretion by denying the debtors' motion to reopen their bankruptcy case when there was no legal basis for granting the relief sought."); *In re Bellano*, 456 B.R. 220, 222–23 (Bankr. E.D. Pa. 2011) (denying motion to reopen for purposes of filing a reaffirmation agreement because reaffirmation agreements made post-discharge are unenforceable under § 524(c)).

Bankruptcy Courts have broad discretion to determine whether to reopen a case. *E.g.*, *In re Welch*, No. BK 11-18277-LBR, 2015 WL 65307, at *4 (B.A.P. 9th Cir. Jan. 5, 2015) ("[Courts] may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations."); *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997) (*citing* 3 Collier on Bankruptcy P 350.03 ("[T]he decision to grant or deny a motion to reopen is binding on review absent a clear showing that there was an abuse of discretion")); *see also In re Consol. Freightways Corp.*, 553 B.R. 396, 399 (C.D. Cal. 2016), *appeal dismissed sub nom. In re Consol. Freightways Corp. of Delaware*, No. 16-56070, 2017 WL 3270851 (9th Cir. Jan. 26, 2017) (identifying 7 factors bankruptcy courts may consider in evaluating whether to reopen a case: "(1) the benefit to creditors, (2) the benefit to debtor, (3) the prejudice to affected parties, (4) the availability of relief in other forums, (5) whether the estate has been fully administered, (6) the length of time between the closing of the case and the motion to reopen, and (7) good faith.").

/ / /

/ / /

A bankruptcy case should not be reopened if doing so is futile. *In re Smyth*, 470 B.R. 459 (6th Cir. 2012). There must be some potential relief that is available to movant in a reopened case to support a motion to reopen; otherwise, reopening is pointless, and the motion will be denied. *In re Clark*, 465 BR 556 (Bankr. D. Idaho 2011).

### b. The Court may not approve a reaffirmation agreement entered into after discharge was granted.

With respect to Debtors' request to reopen the case to file a reaffirmation agreement, Debtors have not presented any legal basis for granting the relief sought. The only way to resuscitate a debt otherwise dischargeable in bankruptcy is to enter into a reaffirmation agreement under 11 U.S.C. § 524(c) and (d). A reaffirmation agreement must be made before the debtor receives a discharge. §524(c)(1); *In re Kamps*, 217 B.R. 836 (Bankr. C.D. Cal.1998). *In re Motley*, 268 B.R. 237, 243 (Bankr. C.D. Cal. 2001).

There are very limited exceptions to the timing requirement, none of which apply here. Courts have allowed debtors to reopen their case to file a reaffirmation agreement that was made before entry of discharge. *See In re Davis*, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001) (allowing debtor to reopen case to file a reaffirmation agreement that had been prepared and signed prior to entry of the discharge order, notwithstanding "the general practice of this Court to deny motions to reopen cases filed for the purpose of filing reaffirmation agreements after the discharge order has been entered"). Here, no agreement was reached prior to entry of the discharge order; to the contrary, Debtor Kenneth Judson affirms under penalty of perjury that no reaffirmation agreement was provided to Debtors. Declaration of Kenneth L. Judson, Dk. 18, pg. 11, ¶ 3.

Some courts have exercised their equitable powers to vacate the discharge to allow entry of a reaffirmation agreement. *See In re Bellano*, 456 B.R. 220, 223 (Bankr. E.D. Pa. 2011); *In re Long*, 22 B.R. 152, 154 (Bankr. D. Me. 1982) (vacating discharge four months after entry of discharge to allow reaffirmation agreement with mortgagor to be filed and heard, but noting that deferral of entry of discharge was the more appropriate procedure); *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981) (finding

sufficient equities in the case to vacate discharge to allow hearing on reaffirmation agreement which had been filed 3 days after discharge was entered where the agreement would settle litigation with a secured creditor that started a little more than a month before the discharge hearing and had not been settled before the discharge hearing). *But see In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986) (finding the equities did not support exercise of the Court's equitable powers to vacating the discharge, noting that "a debtor seeking relief under Fed. R. Bankr. P. 9024 (Fed. R. Civ. P. 60(b)) must show 'extraordinary' circumstances which prevented relief through usual channels.").

In this case, Debtors received their discharge nearly six years before this Motion was filed. There is no authority under the Bankruptcy Code for the Court to approve a reaffirmation agreement entered into six years after discharge was entered. Debtors do not seek to vacate their discharge to allow entry into and approval of a reaffirmation agreement. Even if they did, it would be inequitable to do so because Debtors have been relieved of any personal liability on all of their discharged debts, including the mortgage loan, for six years.

Thus, Debtors have not demonstrated, pursuant to §350(b), that filing a reaffirmation agreement is "cause" to reopen this case.

### c. Debtors have not provided any legal authority demonstrating that the Court has jurisdiction to enter an order post-discharge granting relief based solely in state law.

With respect to Debtors' request that if the case were reopened, they would seek an order from this Court compelling Ocwen Loan Servicing, LLC to report all payments made to the credit bureau, Debtors have not presented any legal authority establishing this Court has jurisdiction to grant the relief requested after discharge has been entered and the case closed. Bankruptcy courts' jurisdiction is limited to "core" matters that arise under Title 11 or arise in a case under Title 11, and on a lesser basis, noncore matters that are "related-to" cases under Title 11. 28 U.S.C. § 157. While jurisdiction over core matters remains unchanged after the case is closed, courts have held that a

close nexus to the bankruptcy case is required for non-core matters. *See In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192, 210 (E.D. Mich. 2009); *In re Burch*, 88 B.R. 686, 690 (Bankr. E.D. Pa. 1988).

Here, all of the legal authority cited in the underlying motion is state law. It is, at best, subject to "related-to" jurisdiction. Debtors have not demonstrated a close nexus to the six-year-old bankruptcy case to establish jurisdiction over these claims.

While a violation of the discharge injunction would be a core proceeding over which this Court clearly has jurisdiction, Debtors are not asserting such a violation. Even with liberal interpretation, the Court cannot infer a violation of the discharge injunction from the papers before it. In particular, the email from Ocwen attached to the Motion as Exhibit B is not sufficient to establish that violation of the discharge injunction occurred. In response to Debtors' request to report payments, Ocwen responded: "As per our records, during bankruptcy chapter 07, you had never reaffirmed with prior servicer. Hence we cannot report the loan as reaffirmed." Motion, Ex. B, Dk. 18, pg. 15. Ocwen's statement appears to be merely an accurate statement of facts: Debtors did not reaffirm the loan, and therefore Ocwen cannot report the loan to the credit bureaus as having been reaffirmed. Debtors have not presented any evidence that demonstrates Ocwen pressured Debtors into reaffirming a discharged debt post-petition or otherwise violated the discharge injunction.

Debtors have not provided any legal support to establish that this Court has jurisdiction, post-discharge, to enforce state law reporting requirements under these circumstances. Thus, Debtors have not demonstrated, pursuant to §350(b), "cause" to reopen their case.

/ / /

/ / /

/ / /

/ / /

/ / /

### 3. Conclusion

For the foregoing reasons, no valid reaffirmation agreement may be entered into or filed and the Court does not have jurisdiction over the state law claims. In short, reopening the case for either of these purposes would be futile. Thus, there is no cause to reopen the Debtor's bankruptcy case. The Motion is DENIED without prejudice.

Date: July 13, 2018

Scott C. Clarkson
United States Bankruptcy Judge